UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOEL SAINCINE,

        Petitioner,

v.                                              Case No:   2:11-cv-692-FtM-38DNF

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS
and FLORIDA ATTORNEY
GENERAL,

        Respondents.
_____/

## OPINION AND ORDER[1]

Petitioner Joel Saincine (hereinafter "Petitioner" or "Defendant") initiated this action proceeding *pro se* by filing a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 9, 2011,[2] challenging his August 2, 2005 judgment of conviction in case number 03-cf-5091 entered in the Twentieth Judicial Circuit in Lee County, Florida (Doc. #1).[3] Petitioner is currently serving a ten year sentence, followed by five years of

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] The Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing."  Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

[3] A jury found Petitioner guilty of attempted sexual battery on a child under the age of 12.   Petition at 1.   Respondent concedes that the instant petition is timely filed

probation.[4]  Exh. 26.  The petition raises two grounds for relief.  Respondent[5] filed a response (Doc. #7) opposing the relief requested in the petition and attached supporting exhibits consisting of pertinent trial transcripts and postconviction records.  Petitioner filed a reply (Doc. #10).  This matter is ripe for review.

## I.  Applicable § 2254 Law

### A.  Deferential Review Required By AEDPA

Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  See Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001).  Consequently, post-AEDPA law governs this action.  Abdul-Kabir, 550 U.S.

---

pursuant to § 2244(d), Response at 8-10; and that the claims are exhausted and are not procedurally-barred, Response at 4-7.  The Court agrees.

[4] Petitioner states that he is serving a 25-year sentence as a result of this conviction.  Petition at 1.  This is not accurate.  As noted in State court's April 13, 2009 order, the state court granted Petitioner's motion to correct his sentence thereby amending the 25-year sentence to a ten-year sentence.  Exh. 26 at 1.

[5] Petitioner names two Respondents (the Secretary of the Florida Department of Corrections and the Florida Attorney General).  Petition at 1.  Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter the "Rules") provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent."  The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition."  Rumsfield v. Padilla, 542 U.S. 426, 435 (2004).  This is "the person with the ability to produce the prisoner's body before the habeas court.'"  Id. at 435-436.  When the petition is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the attorney general or some other remote supervisory official."  Id. at 436 (citations omitted).  Alternatively, the chief officer in charge of the state penal institution is also recognized as the proper named respondent.  Rule 2(a), Sanders v. Bennet, 148 F.2d 19 (D.C. Cir. 1945).  In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections.  Therefore, the Florida Attorney General will be dismissed from this action.

at 246; Penry, 532 U.S. at 792; Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007). Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. White v. Woodall, 134 S.Ct. 1697, 1702 (2014). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008).

"Clearly established federal law" consists of the governing legal principles, rather than the dicta, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. White, 134 S.Ct. at 1702; Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010); Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner,

Brown v. Payton, 544 U.S. 133, 134 (2005); Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 529 U.S. at 406). The unreasonable application inquiry "requires the state court decision to be more than incorrect or erroneous," rather, it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18; Ward, 592 F.3d at 1155. Petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." White, 134 S.Ct. at 1702 (quoting Harrington v. Richter, 562 U.S. ___, 131 S.Ct. 770, 786–787 (2011)).

Finally, the Supreme Court has stated that "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding[.]" Miller–El v. Cockrell, 537 U.S. 322, 340 (2003) (dictum). When reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1*);* see e.g. Burt v. Titlow, 134 S.Ct. 10, 15-16 (2013); Miller–El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was

unreasonable or that the factual premise was incorrect by clear and convincing evidence").

## B. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. Newland, 527 F.3d at 1184. In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688; see also Bobby v. Van Hook, 558 U.S. 4, 8 (2009); Cullen v. Pinholster, 131 S. Ct. at 1403 (2011).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." Bobby Van Hook, 558 U.S. at 9 (internal quotations and citations omitted). It is petitioner who bears the heavy burden

to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. Id. A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

"Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Mendoza v. Sec'y, Fla. Dep't of Corr., ____ F.3d _____, 2014 WL 3747685 (11th Cir. July 31, 2014)(quoting Richter, 131 S.Ct. at 788). "Where the highly deferential standards mandated by Strickland and AEDPA both apply, they combine to produce a doubly deferential form of review that asks only whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id. (quoting Downs v. Sec'y, Fla. Dep't of Corr., 738 F.3d 240, 258 (11th Cir. 2013)). "The question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." Id. (citing Knowles, 556 U.S. at 123). If there is "any reasonable argument that counsel satisfied Strickland's deferential standard," then a

federal court may not disturb a state court decision denying the claim. Id. (citing Richter, 131 S.Ct. at 788). Finally, it is well established that the Strickland standard applies to ineffective assistance of counsel claims in the plea bargaining context. Gissendaner v. Seaboldt, 735 F.3d 1311, 1317 (11th Cir. 2013)(citations omitted).

## II. Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 550 U.S. at 474; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

The petition raises two grounds of ineffective assistance of counsel. Petitioner first argues that trial counsel rendered ineffective assistance by failing to move to suppress his incriminatory statements given to law enforcement. Petition at 5. Petitioner states that he requested defense counsel file a motion to suppress, but counsel did not. Petitioner claims that before he gave the incriminatory statements to law enforcement, he asked the officers if he could speak to an attorney, but his request was denied. Id. Petitioner asserts that the police officers obtained his incriminatory statement by using "coercion and trickery." Id.

Respondent opposes relief on Ground One and argues that the State courts' denial of this ground did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. Nor were the decisions

based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. In Reply, Petitioner maintains that his statements were given in violation of Miranda v. Arizona, 384 U.S. 436 (1966) because he asked twice to speak to an attorney. Reply at 6-7.

A review of the record reveals that Petitioner raised this claim before the post-conviction court as ground one in his post-conviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Exh. 22. After holding an evidentiary hearing,[6] the post-conviction court denied Petitioner relief on this claim finding as follows:

[6] In the order granting Petitioner an evidentiary hearing, the State court noted as follows: Defendant asserts that trial counsel was ineffective in not attempting to have his statement made to law enforcement suppressed. The record reflects that Defendant's taped statement was published to the jury. (Trial Transcript, pp. 186-197). According to Defendant, he was improperly questioned based on Miranda violations, and the detective "used tricks in a manner that he know would result in an incriminating process." Notably, Defendant raised the same issue in a post-trial, pre-sentencing motion to dismiss counsel, which was denied after a hearing. In its response, the State refers to Defendant's motion to dismiss counsel and the transcript of that hearing held on August 22, 2005, a copy of which is attached hereto. At that hearing, trial counsel responded briefly to Defendant's allegations. Specifically, as it relates to the actions of law enforcement officers, trial counsel stated that, "I viewed them as harmless, as far as being able to base an argument upon and I viewed them as irrelevant as far as the major issues in the case."

The State characterized trial counsel's statement as a statement of "trial strategy," and urges that this ground be summarily denied on the basis of trial strategy. However the Court views trial counsel's statement as an explanation as to why he believed that a motion to suppress would lack merit, not as a statement of "trial strategy." The State has not provided any further argument or case law demonstrating that

>Defendant claims that his trial counsel was ineffective for failing to file a timely and adequate motion to suppress any statement made by Defendant. More specifically, Defendant asserts that trial counsel was ineffective in not attempting to have his statement made to law enforcement suppressed. The record reflects that Defendant's recorded statement was published to the jury. (T. 186-197). Defendant testified at the evidentiary hearing that he requested his trial counsel to suppress the statements that he made to law enforcement, that these statements were not made voluntarily, and that the statements were made after he requested an attorney. Defendant further testified that after he had been advised of his Miranda rights, he was in police custody for five hours and placed in a holding cell where Detective Fischer asked if he was ready to give a statement, to which Defendant testified that he asked for an attorney. Defendant testified that the detective told him that no attorney would come at this hour. While he was being held in the holding cell, the detective told him to knock on the cell door if Defendant needed him. After knocking on the cell door, the detective asked Defendant if he was ready to give a statement. Defendant testified that he then replied, "Yeah . . . because I don't want to stay here any longer."
>
>Trial counsel testified at the evidentiary hearing that he had a conversation with Defendant and that Defendant sent him several letters about filing a motion to suppress evidence regarding his recorded statement to law enforcement. Trial counsel testified that after reviewing depositions by witnesses and law enforcement reports, he developed a timeframe built around the occurrence of the incident and each subsequent event, which did not correspond with Defendant's claims. While trial counsel testified that he did file a motion to suppress other evidence, he did not feel that a motion to suppress Defendant's statements to law enforcement would be successful and Defendant's claims regarding how the statements were procured did not correspond with the timeline that he developed. Trial counsel further testified that he had no doubt that a motion to suppress the evidence of

---

> trial counsel was not deficient in opining that a suppression motion would lack merit.

See Exh. 27.

> Defendant's recorded statements to law enforcement would be denied and was afraid that if he filed a motion to suppress, it could interfere with plea negotiations, if necessary, or impact the outcome of the other motion to suppress that he felt were more damaging if not suppressed.
>
> As to **Ground 1**, the court finds that trial counsel's performance was not deficient and that the probability of the outcome of the trial would not have been any different had trial counsel filed a timely and adequate motion to suppress statement made by Defendant. Trial counsel testified that he did not file a motion to suppress Defendant's recorded statement to law enforcement after developing a timeline of events and for strategic purposes. No evidence was offered to suggest that trial counsel's defense strategy was unreasonable. Thus, for the foregoing reasons, **Ground 1** is denied on the merits.

Exh. 28 at 3-4 (emphasis in original). On appeal, the appellate court *per curiam* affirmed the post-conviction court's decision. Exh. 32.

Petitioner has not shown that the State courts' decisions were contrary to or an unreasonable application of Strickland. Nor has Petitioner shown that the State courts' decisions involved an unreasonable interpretation of the facts based upon the evidence presented. The State court based its decision upon testimony from the post-conviction evidentiary hearing. Defense counsel testified that he decided not to move to suppress Petitioner's statements because Petitioner's allegations regarding the statements did not match with the timeline of events that counsel developed. Defense counsel believed that the trial court would have denied the motion to suppress statement and would have weakened counsel's motion to suppress other evidence. The State courts' decisions were not contrary to Strickland and were in fact a reasonable application of Strickland. Nor was Petitioner prejudiced by counsel's failure to move to suppress the statements. In addition to Petitioner's incriminatory statements, the jury heard testimony from the defendant, the victim, her mother, her step-father, and the child protective services

person.  See generally Exh. 2.  The jury weighed the credibility of the witnesses and ultimately convicted Petitioner.  Accordingly, Petitioner is denied relief on Ground One.

In Ground Two, Petitioner argues that defense counsel rendered ineffective assistance because he allowed a juror by the last name Ahren, who had been stricken for cause, to serve on the jury.  Petition at 7.  Petitioner asserts that had defense counsel objected and brought this fact to the court's attention, the Court would have granted Petitioner a mistrial.  Id.

Respondent opposes relief on Ground Two and notes that the facts were developed by the post-conviction court during an evidentiary hearing.  Response at 20.  Defense counsel testified during the evidentiary hearing that juror Ahren was indeed stricken for cause and seven other people sat on the jury.  Id.  Respondent notes that there was a Scrivener's error in the transcript that was subsequently corrected.  Id. at 20-21.  In Reply, Petitioner requests that this Court hold an evidentiary hearing.  Reply at 8-9.

In denying Petitioner relief on this claim, the post-conviction court found as follows:

> Defendant claims that his trial counsel was ineffective in not objecting and not advising the Court that the jury panel serving was not the panel that was picked to serve.  According to Defendant, Mr. Ahern and Mr. Walsh were not part of the jury panel selected, but, after a lunch break, Mr. English and Ms. Murphy, who were part of the jury panel, had been replaced by Mr. Ahern and Mr. Walsh.  The Court previously determined that the record conclusively refutes Defendant's claim as it relates to Mr. Walsh, who was not excused and who was on the jury panel from the beginning.  The record also reflects that Ms. Murphy was the foreperson and signed the verdict form.  However, the Court allowed an evidentiary hearing for the purpose of giving Defendant the opportunity to offer evidence demonstrating that Mr. Ahern, having been previously excused, did later replace Mr. English as a juror, and that trial counsel was ineffective within the meaning of

> Strickland. The Court notes that on March 16, 2010, "Reporter's Supplemental Certificate for Pages 272 and 273 in the Appeal Transcript" was filed as an amendment to correct an error to the transcript; a copy of which is attached hereto. This supplement corrects an error in the original transcript and the record conclusively refutes Defendant's claim as it relates to Mr. English who did serve on the jury and was never replaced by Mr. Ahern. Accordingly, for the foregoing reasons, Defendant's **Ground 3** is without merit.

Exh. 28 (emphasis in original). The appellate court *per curiam* affirmed the post-conviction court's decision. Exh. 32.

As previously discussed, no evidentiary hearing is warranted in this case. Supra at 7. The Court finds the State courts' decisions were neither contrary to nor an unreasonable application of Strickland. And, the State courts' decisions did not involve an unreasonable interpretation of the facts based upon the evidence presented. The testimony from the evidentiary hearing revealed that juror Ahern, who was stricken for cause, did not serve on the jury. The post-conviction court further noted that the record contained a Scrivener's error, which was later corrected. Accordingly, defense counsel had no basis to object because juror Ahern never served on the jury. Accordingly, Petitioner is denied relief on Ground Two.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Florida Attorney General is **DISMISSED** as a named Respondent.

2. The Petition for Writ of Habeas Corpus ([Doc. #1](Doc. #1)) is **DENIED** for the reasons set forth herein.

3. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on either petition. A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); <u>Harbison v. Bell</u>, 556 U.S. 180, 184 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further", <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida on this 19th day of November, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record